THOMPSON v. ST. PAUL, M. & M. RY. CO. et al.

(Circuit Court, D. Minnesota. April 20, 1896.)

1. PUBLIC LANDS—PRE-EMPTION—WITHDRAWAL.
   No rights can be acquired, under the pre-emption law, in lands withdrawn by order of the commissioner of the general land office.

2. RAILROAD GRANTS—INDEMNITY WITHDRAWAL.
   Authority is vested in the commissioner of the general land office to withdraw from sale or entry lands within the indemnity limits of the grant to the Northern Pacific Railroad Company.

(Syllabus by the Court.)

This was a bill in equity by Andrew Thompson against the St. Paul, Minneapolis & Manitoba Railway Company and Edwin H. McHenry and Frank G. Bigelow, as receivers of the Northern Pacific Railroad Company, to obtain an adjudication that the defendants had acquired the legal title to certain lands which of right belonged to the complainant, and to hold the defendants trustees of the title for the benefit of the complainant. The defendant St. Paul, Minneapolis & Manitoba Railway Company filed a disclaimer. The defendants Edwin H. McHenry and Frank G. Bigelow, as receivers of the Northern Pacific Railroad Company, claimed title under an act of congress approved July 2, 1864, granting lands to the Northern Pacific Railroad Company. 13 Stat. 365.

This act conferred a grant, for the construction of a railroad from Lake Superior to Puget Sound, of every alternate section of public land, designated by odd numbers, on each side of the line as definitely fixed, to the amount of 20 sections per mile in the territories and 10 sections per mile in the states through which the road should pass, with a right of indemnity selection, to be exercised not more than 10 miles beyond the limits of the granted lands, for the purpose of satisfying losses from the granted limits. By a joint resolution of congress approved May 31, 1870 (16 Stat. 378), a second indemnity belt was created, extending 10 miles beyond the limits prescribed; from which the company was authorized to select odd-numbered sections of land sufficient to satisfy those losses occurring subsequent to the passage of the act of July 2, 1864, which could not be satisfied from the first indemnity belt. November 21, 1871, the company filed its map of definite location opposite the land in controversy, which was situated more than 30 and less than 40 miles distant from said line, and within the second indemnity limits. December 26, 1871, the commissioner of the general land office directed the register and receiver of the district land office for the district within which the land was situated "to withhold from sale or location, pre-emption or homestead entry, all the odd-numbered sections" within the indemnity limits. August 25, 1873, the complainant filed a declaratory statement of intention to enter the land in question under the pre-emption law, and on May 30, 1876, offered final proof before the district land officers, paid the fees required by law, and received the usual final receiver's receipt. Prior to the complainant's final proof, and on April 30, 1874, the land was certified to the state of Minnesota under acts of congress of March 3, 1857 (11 Stat. 195), March 3, 1865 (13 Stat. 526), amended by the act of March 3, 1871 (16 Stat. 588), granting lands to aid in the construction of a railroad from St. Cloud to

St. Vincent, and conveyed by the state to the St. Paul & Pacific Railroad Company, the beneficiary under this grant. In a suit between the Northern Pacific Railroad Company and the St. Paul & Pacific Railroad Company it was decreed that, as between these companies, the right of the Northern Pacific Company was superior, and that the legal title was held in trust for the benefit of the Northern Pacific Company. The complainant, Thompson, contended that the land was subject to pre-emption on August 25, 1873, and that the withdrawal of December 26, 1871, was forbidden by section 6 of the Northern Pacific granting act of July 2, 1854. Section 6 is as follows: "And be it further enacted, that the president of the United States shall cause the lands to be surveyed for forty miles in width on both sides of the entire line of said road, after the general route shall be fixed, and as fast as may be required by the construction of said railroad; and the odd sections of land hereby granted shall not be liable to sale, or entry, or pre-emption before or after they are surveyed, except by said company, as provided in this act; but the provisions of the act of September, eighteen hundred and forty-one, granting pre-emption rights, and the acts amendatory thereof, and of the act entitled 'An act to secure homesteads to actual settlers on the public domain,' approved May twenty, eighteen hundred and sixty-two, shall be, and the same are hereby, extended to all other lands on the line of said road, when surveyed, excepting those hereby granted to said company. And the reserved alternate sections shall not be sold by the government at a price less than two dollars and fifty cents per acre, when offered for sale."

H. Jenkins and George L. Treat, for complainant.

F. M. Dudley, for defendants.

THOMAS, District Judge. After such an examination of the question involved, and a careful review of all the authorities cited, and many others, as I have been able to give, I have reached the following conclusion: That the land in question was reserved and withdrawn from the operation of the pre-emption and homestead laws by the secretary of the interior, and that he had legal authority to make such withdrawal, and that no right of complainant ever attached to said land by virtue of his pretended pre-emption claim. I have considered all the other questions involved, and am compelled to hold that the bill must be dismissed. Let a decree be entered dismissing the complainant's bill, at his costs. The decree must be entered as of the date the case was submitted in open court. Let a stay be granted for 60 days from the date of the decree as to all matters of proceeding except the entry of said decree, to enable the complainant to take such action as he may be advised. The complainant duly excepted to this order.